UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SOMBOON TIMME PHAYMANY, | ) | Civil No. 00-CV-2554-L(NLS) |
| Petitioner, | ) ) | **ORDER ADOPTING REPORT AND** |
| | ) | **RECOMMENDATION;** |
| v. | ) | **OVERRULING OBJECTIONS;** |
| | ) | **DENYING  AMENDED PETITION** |
| DON TAYLOR, | ) | **FOR WRIT OF HABEAS CORPUS;** |
| | ) | **DIRECTING ENTRY OF** |
| Respondent. | ) | **JUDGMENT** |
| | ) | |
| | ) | |

On December 20, 2000, petitioner Somboon Timme Phaymany ("petitioner"), a state prisoner proceeding *pro se*, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Court previously adopted the magistrate judge's Report and Recommendation ("Report") and denied respondent's motion to dismiss and granted petitioner leave to file an amended pleading that would set forth only properly exhausted claims, i.e., petitioner's claims one and two, and to add a sufficiency of the evidence claim that has been exhausted. *See* Order filed September 19, 2001 [doc. #12].

On October 23, 2001, petitioner filed his amended petition for writ of habeas corpus [doc. #13] alleging three claims.  Respondents filed their Answer on January 9, 2002 [doc. #19].  On May 31, 2002, petitioner filed his Traverse.  The magistrate judge then entered a second Report recommending that petitioner's amended petition be denied.   Although the parties were permitted to file objections to the R&R, neither party submitted any objection to the R&R, nor

requested an extension of time in which to do so.  The Court adopted the findings of the second Report on November 4, 2002 [doc. #35], and thereafter, judgment was entered [doc. #36]. Petitioner's appealed and the Court denied in part and granted in part petitioner's request for a Certificate of Appealability on February 27, 2003 [doc. #42] with respect to petitioner's three claims.[1]

On April 30, 2003, the United States Court of Appeals for the Ninth Circuit granted petitioner's motion for appointment of counsel [doc. #45] and attorney Benjamin P. Lechman was appointed [doc. #44].  The Ninth Circuit also found that the seventh claim in petitioner's original Petition had been exhausted.  The seventh claim alleges that petitioner's conviction for attempted premeditated murder on a vicarious liability theory of premeditation violated, *inter alia*, federal due process.  Accordingly, the seventh claim was remanded to the district court for the limited purpose of considering the seventh claim on the merits.

Petitioner filed a supplemental memorandum, and respondent filed a supplemental answer.  The magistrate judge then filed a Report recommending that habeas relief as to claim seven alleged in the original Petition be denied.  Petitioner filed an objection to the Report.

### Standard of Review

The duty of the district court in connection with a magistrate judge's Report and Recommendation in habeas cases such as this is set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  When objection is made, the Court must make a *de novo* determination as to those parts objected to.  *United States v. Raddatz*, 447 U.S. 667, 676, 100 S. Ct. 2406, 2412-13 (1980).  When no objections are filed, the Court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law.  *Campbell v. United States Dist. Court,* 501 F.2d 196, 206 (9th Cir. 1974); *see also Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991); *Nelson v. Smith*, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985).  Under such circumstances, the Ninth Circuit has held that "a failure to file objections only relieves the trial court of its burden to give *de novo* review to factual findings;

---

[1]     The Court granted a certificate of appealability with respect to petitioner's confrontation clause claim only.

1   conclusions of law must still be reviewed *de novo*." *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th

2   Cir. 1989) (*citing Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).

### Petitioner's Seventh Claim

4        Petitioner contends that his due process rights were violated when the trial court refused

5   his proposed jury instruction that provided petitioner "must personally premeditate a killing in

6   order to be found guilty of willful, deliberate and premeditated murder." (Petition at 14).  In

7   other words, petitioner argues that personal willful, deliberate and premeditated intent is an

8   element of the crime of attempted premeditated murder.  Petitioner further argues that even if

9   vicarious liability for premeditated murder is permissible, the jury did not find that anyone

10  involved with the murders acted with premeditation and accordingly, premeditation cannot be

11  imputed to him.  Lastly, petitioner asserts that federal due process precludes conviction unless it

12  is proven that he personally achieved the mental state of attempted premeditated murder.  *Id.* at

13  17.

14       Respondent argues, however, that personal deliberation and premeditation are not

15  elements of the crime and therefore, the prosecution was not required to prove petitioner

16  personally premeditated the attempted murders.  Further, respondent contends that no federal

17  law provides that due process requires personal deliberation for attempted premeditated murder.

18       At issue here is California Penal Code section 664(a) which provides:

19           If the crime attempted is punishable by imprisonment in the state prison, the
20           person guilty of the attempt shall be punished by imprisonment in the state prison
             for one-half the term of imprisonment prescribed upon a conviction of the offense
             attempted.  *However, if the crime attempted is willful, deliberate, and*
21           *premeditated murder, as defined in Section 189, the person guilty of that attempt*
             *shall be punished by imprisonment in the state prison for life with the possibility of*
22           *parole.*  If the crime attempted is any other one in which the maximum sentence is
             life imprisonment or death, the person guilty of the attempt shall be punished by
23           imprisonment in the state prison for five, seven, or nine years. *The additional term*
             *provided in this section for attempted willful, deliberate, and premeditated murder*
24           *shall not be imposed unless the fact that the attempted murder was willful,*
             *deliberate, and premeditated is charged in the accusatory pleading and admitted*
25           *or found to be true by the trier of fact.*

26  Cal. Penal Code section 664(a)(emphasis added).

27       Petitioner was convicted of ten counts of attempted, willful and premeditated murder and

28  was sentenced to two life terms with the possibility of parole plus two years.

3

**Petitioner's Objections to the Report**

As noted above, petitioner has filed objections to the Report of the magistrate judge in which he essentially re-argues the points made in his supplemental memorandum. Petitioner contends that personal willful, deliberate and premeditated intent is a required mental state and an element of the crime of attempted murder. Petitioner contends that although section 664(a) can be read to impute liability upon a co-conspirator or aider and abettor who did not premeditate the attempted murder, "it could just as easily be read to require personal premeditation." (Objections at 2). Notwithstanding petitioner's belief to the contrary, *People v. Lee*, 31 Cal. 4th 613 (2003), forecloses this argument. The California Supreme Court concluded that "section 664(a), properly must be interpreted to require only that the murder attempted was willful, deliberate, and premeditated, but not to require that an attempted murderer *personally acted* willfully and with deliberation and premeditation, even if he or she is guilty as an aider and abettor." *Lee* 31 Ca. 4th at 616 (emphasis added). The *Lee* Court continued the analysis:

> To begin with, as a substantive matter section 664(a) requires only that the *murder attempted* was willful, deliberate, and premeditated for an attempted murderer to be punished with life imprisonment. . . . Put otherwise, section 664(a) states that if the murder attempted was willful, deliberate, and premeditated, any "person *guilty of that attempt*" – *not* confined to persons who acted willfully and with deliberation and premeditation – "shall be punished by imprisonment . . . for life. . . . Referring three times broadly and generally to "the person guilty" of attempted murder, section 664(a) not once distinguishes between an attempted murderer who is guilty as a direct perpetrator and an attempted murderer who is guilty as an aider and abettor, and not once requires of an attempted murderer personal willfulness, deliberation, and premeditation. Had the Legislature intended to draw a distinction between direct perpetrators and aiders and abettors, it certainly could have done so expressly.

*Lee*, 31 Cal. 4th at 621-22.

In attempting to distinguish the facts, petitioner contends that in *Lee* there was a finding by the jury that someone, a charged or uncharged co-conspirator, premeditated the attempted murder, because attempted murder requires the specific intent to kill, and that is not the case here. Although attempted murder requires the specific intent to kill and the commission of a direct but ineffectual act toward accomplishing the intended killing, "to be guilty of a crime as an aider and abetter, a person must "aid[] the [direct] perpetrator by acts or encourage[] him [or her] by words or gestures." *Lee* at 623(emphasis in original) (quoting *People v. Villa*, 156 Cal.

1   App. 2d 128, 134 (1957).  Petitioner's argument that "to be convicted of the *specific intent crime*

2   *of attempted* murder, the prosecution would have to prove beyond a reasonable doubt that Mr.

3   Phaymany had a specific intent <u>beyond</u> that of the principal.  In other words, for a specific intent

4   crime, it must be proved that the defendant had the purpose to effectuate every element of the

5   completed offense" is not supportable.  (Objection at 4)(emphasis in original).  As the *Lee* court

6   further discussed: "to be guilty of attempted murder as an aider and abettor, a person must give

7   aid or encouragement with knowledge of the direct perpetrator's intent to kill and with the

8   purpose of facilitating the direct perpetrator's accomplishment of the intended killing . . . ."  *Lee*

9   at 624.   As the *Lee* court noted, personal willfulness, deliberation and personal premeditation is

10  not an element of the crime of attempted murder; rather, the murder attempted must be willful,

11  deliberate, and premeditated.  Notwithstanding petitioner's argument, *Lee* is controlling and must

12  be applied here.

13          Moreover, as the Court in *Spivey v. Rocha*, 194 F.3d 971 (9th Cir. 1999) pointed out:

14              We further explained in *People v. Croy* [citation omitted] that the "aider and
                abettor need not have intended to encourage or facilitate the particular offense
15              ultimately committed by the perpetrator.  His knowledge that an act which is
                criminal was intended, and his action taken with the intent that the act be
16              encouraged or facilitated, are sufficient to impose liability on him for any
                reasonably foreseeable offense committed as a consequence by the perpetrator.  **It
17              is the intent to encourage and bring about conduct that is criminal, not the
                specific intent that is the element of the target offense, which *Beeman* holds
18              must be found by the jury.**

19  *Spivey*, 194 F.3d at 976 (emphasis added).

20          Petitioner also objects to the Report's conclusion that there was a jury finding that the

21  attempted murders were committed with premeditation.  As petitioner notes, "[c]learly, there

22  was no jury finding that Mr. Phaymany personally premeditated the [attempted] murders."  As

23  discussed above, there is no requirement that petitioner personally premeditate the attempted

24  murders under *Lee*.  Nevertheless, the magistrate judge found that the record supported the jury's

25  finding that the attempted murders were willful, deliberate and premeditated based on the

26  evidence contained within the record.[2]  Having reviewed the evidence presented, the Court

27  _____

28          [2]    *See* Report at 17-18 for discussion of the evidence in the record that demonstrates
        that the attempted murders were willful, deliberate and premeditated.

1   concurs with the magistrate judge in finding support in the record for finding the attempted

2   murders were willful, deliberate and premeditated.

3        Finally, petitioner objects to the Report's conclusion that his conviction satisfied due

4   process under the federal constitution.  Petitioner contends that the state court's refusal to give

5   his proposed jury instruction requiring the prosecutor to prove beyond a reasonable doubt that

6   petitioner personally premeditated the attempted murders reflects federal constitutional error.

7   The basis of this argument is that the given jury instructions allowed petitioner to be found guilty

8   of attempted murder based on another's intent.  Moreover, because there was no specific jury

9   finding as to any other person's intent, due process was violated.  But as the Report notes, "in

10   order for Petitioner to succeed on his claim that his federal due process rights were violated, he

11   must demonstrate that California law, which permits vicarious liability with regard to the

12   premeditation requirement of attempted premeditated murder, violates federal due process."

13   (Report at 19).

14        The Report relies upon *Spivey v. Rocha*, where the Ninth Circuit considered a similar

15   argument to that made by petitioner.  194 F.3d 971 (9th Cir. 1999).  Spivey argued that due

16   process was violated because he was able to be convicted of second degree murder absent

17   California's statutory requirement of malice aforethought, based upon no greater criminal intent

18   on his part than to commit a misdemeanor brandishing.  *Id.* at 977.  As the Court noted: "The

19   Due Process Clause of the Fourteenth Amendment 'protects the accused against conviction

20   except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with

21   which he is charged,'" *Id.*  Spivey contended that the California jury instruction "relieved the

22   prosecution of its burden of proving, beyond a reasonable doubt, that Spivey had the requisite

23   mental state to satisfy the elements of the crime of second degree murder, in particular the

24   element of malice aforethought." *Id.*   As the *Spivey* court noted: "In order to challenge a jury

25   instruction on habeas, the [petitioner] must prove that 'the ailing instruction by itself so infected

26   the entire trial that the resulting conviction violates due process.'" *Id.*, at 976 (quoting *Estelle v.*

27   *McGuire*, 112 S. Ct. 475 (1991).

28        The *Spivey* court concluded that with respect to aider and abettor liability, that "[i]t is the

00CV2554

intent to encourage and bring about conduct that is criminal, not the specific intent that is the element of the target offense, which [state law] holds must be found by the jury." *Id.* (quoting *People v. Beardslee*, 53 Cal 3d 68, 90 (1991). The *Spivey* court found that the jury instruction at issue was consistent with California law, and the instruction was not violative of federal due process.

Here, because the requested instruction petitioner sought was not required under state law, and the failure to give the instruction did not "so infect[] the entire trial [with fundamental unfairness] that the resulting conviction violates due process," federal due process has not been violated. *See Henderson v. Kibbe*, 431 U.S. 145, 154 (1977)(quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)).

### Conclusion

The Court has independently reviewed the Report, all relevant papers submitted by both parties, and petitioner's objections to the Report and finds that the Report presents a thorough, well-reasoned analysis of the issues presented. Moreover, in neither his supplemental brief nor his objections to the Report does petitioner provide legal citation that would cause the Report to be rejected. Petitioner has failed to distinguish the California Supreme Court's decision in *People v. Lee* and has not demonstrated that federal due process is violated by California's rule of law.

The reasoning and findings contained in the Report and Recommendation are hereby **ADOPTED** in their entirety and petitioner's objections are **OVERRULED**. Accordingly, **IT IS ORDERED** denying petitioner's seventh claim for relief found in the original petition for writ of habeas corpus. **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: January 9, 2007

_M. James Lorenz_
M. James Lorenz
United States District Court Judge

00CV2554

1   COPY TO:

2   HON. NITA L. STORMES
    UNITED STATES MAGISTRATE JUDGE
3

4   ALL PARTIES/COUNSEL

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00CV2554